UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES CHAMBERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:13-CV-02212 CDP |
| IAN WALLACE, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Pending before me are a motion to appoint counsel and a motion for extension of time filed by Petitioner Charles Edward Chambers. I will deny Chambers' motion for appointed counsel at this time because I believe that he is able to effectively present his arguments and manage his own case. I will grant, in part, Chambers' motion for extension of time.

### I. **Appointment of Counsel**

If no evidentiary hearing is necessary, then the appointment of counsel for a habeas petitioner is discretionary. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff and the court will benefit from the appointment of counsel; (3) the pro se litigant's ability to

investigate facts and present claims; and (4) the complexity of the factual and legal issues. *See Battle v. Amrontrout,* 902 F.2d 701, 702 (8th Cir. 1990); *Abdullah*, 18 F.3d at 573. After considering these factors, I find that the facts and legal issues are not so complicated that the appointment of counsel is warranted. Chambers has demonstrated that he understands the issues in this case and that he is capable of presenting the facts and law related to his case. Neither Chambers nor this court would substantially benefit from the appointment of counsel.

Chambers argues he is entitled to representation by counsel because an evidentiary hearing will be required in this case. I have not yet considered whether an evidentiary hearing will be necessary and will determine this at a later date. If I decide that such a hearing is appropriate, I will appoint counsel for Chambers at that time.

## II.    Extension of Time

In addition to requesting counsel, Chambers has also asked for more time to reply to Repondent's response to show cause why a writ of habeas corpus should not be granted. Chambers argues that he has limited access (2-3 hours per week) to the law library at the Southeast Correctional Center as well as limited access to computers. He also states that the library has recently been closed on numerous occasions because of the absence of certain librarians.

I find these factors persuasive, but Chambers has already received one sixty-day extension. Therefore, I will Grant Chambers's motion in part. Chambers must file his reply no later than **July 21, 2014**.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's motion for appointment of counsel [#17] is denied.

**IT IS FURTHER ORDERED** that the petitioner's motion for extension of time [#20] is granted in part. Chambers must make the disclosures required by the Case Management Order no later than **July 21, 2014**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2014.